IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH B. BRAUN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. CIV-13-189-M |
| | ) |
| BRUCE HOWARD, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Chief United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition, and, as it appears that the petition is untimely under 28 U.S.C. §2244(d), the undersigned recommends dismissal upon filing.

**I.   Background.**

In this action, Petitioner challenges his November 7, 2002 conviction for one count of lewd molestation, for which the state court sentenced him to fifteen

years' imprisonment. Petition at 1[1]; *id*. Ex. 2, at 1. Petitioner neither moved to withdraw his guilty plea, nor did he file a direct appeal. *Id*. at 1-2.

On March 5, 2012, Petitioner filed an application for post-conviction relief in the state district court. Petition at 3; *id*. Ex. 1; (No. CF-2002-30, District Court of Washita County). On July 16, 2012, the district court denied the application. Petition, Ex. 1, at 2. Petitioner then appealed to the Oklahoma Court of Criminal Appeals, which affirmed the denial on January 9, 2013. *Id*. Ex. 2 (No. PC-2012-734, Oklahoma Court of Criminal Appeals).

Petitioner filed the instant petition on February 19, 2013, claiming that he was unlawfully induced into entering his plea of guilty because he was not made aware that he had to serve eighty-five percent of his sentence before becoming eligible for earned credits or for parole consideration. Petition, at 5. He claims that he did not learn this information until he began serving his sentence at the Department of Corrections. *Id.* Petitioner further alleges that he was denied the effective assistance of counsel because counsel lied to him and failed to inform him that he would not be eligible for earned credits or parole until after service of eighty-five percent of his sentence. *Id*. at 7. As a result, Petitioner maintains, counsel coerced him into pleading guilty. *Id.*

---

[1] Page citations to the Petition are in sequential order and reflect this court's CMECF pagination.

## II. Screening Requirement.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." Rule 4, Rules Governing § 2254 Cases. So, the rule allows the district court to raise the issue of timeliness of a petition for writ of habeas corpus sua sponte, if untimeliness is "clear from the face of the petition." *Kilgore v. Att'y Gen'l of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008); *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* (internal quotation

3

marks omitted); *Thomas v. Ulibarri*, 214 Fed. Appx. 860, 861 n.1 (10th Cir. 2007).

### III. The AEDPA Limitations Period.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth a one-year period of limitations for habeas petitioners who are in state custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by §

2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner alleges that he did not know about the alleged unconstitutionality of his judgment and sentence until his "arrival at the Department of Corrections." Petition, at 14. This statement implicates the alternative statute of limitations provision of 28 U.S.C. § 2244(d)(1)(D). Petitioner has not provided the Court with any basis to apply the provisions of § 2244(d)(1)(B) or(C), and so the undersigned will consider the timeliness of the petition under § 2244 (d)(1)(A) and (D).

### A.   Section 2244(d)(1)(A).

Petitioner states that the date of the judgment and sentence in the convictions under attack was November 7, 2002. Petition, at 1. He did not seek to withdraw his plea or otherwise challenge his convictions within ten days as required by Oklahoma law. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 App. (1981) (defendant must file an application to withdraw a plea of guilty or nolo contendere within ten days from the pronouncement of the judgment and sentence). Petitioner's convictions therefore became final on November 17, 2002. *Neiberger v. Rudek* , 450 Fed. Appx. 719, 720-21 (10th Cir. 2011) ("The district court concluded that Mr. Neiberger's convictions became final . . . ten days after the entry of the judgment

and sentence in his case because he did not seek to withdraw his plea or appeal his convictions."). The one-year period for filing the petitioner's § 2254 petition began to run on November 18, 2002, the day after the time for filing his appeal expired. *United States v. Hurst*, 322 F.3d 1256, 1259-60 (10th Cir. 2003); *Braun v. Roberts*, No. 11-3085, 2012 WL 5507236, at *5 (10th Cir. Nov. 14, 2012) (unpublished). Therefore, if 28 U.S.C. § 2244(d)(1)(A) is the applicable statute of limitations provision, Petitioner had until November 18, 2003, to file his federal habeas action. *Malone v. Oklahoma*, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one year limitation period should be calculated using anniversary date method, citing *Hurst*, 322 F.3d at 1260-61) (unpublished). Petitioner did not file this action until February 19, 2013, and in the absence of tolling, it is clearly untimely.

### B.     Section 2244(d)(1)(D).

Alternatively, Petitioner asserts that he:

> did not know that [he] was serving an 85% sentence until arrival at the Department of Corrections and [he] was advised by a Case Manager that [he] must serve 12 years and 9 months before being eligible for earned credits or being eligible for parole. Due to the nature of this charge [he] was hesitant to ask anyone for help until speaking with an Inmate Legal Research Assistant[.]

Petition at 14. Assuming without deciding that this allegation could support an alternative statute of limitations starting date, the petition is nevertheless

6

untimely. Petitioner entered his plea of guilty on November 7, 2002. Liberally construing his petition, Petitioner learned that he would have to serve eighty-five percent of his sentence before becoming eligible for earned credits and parole no sooner than when he "arriv[ed] at the Department of Corrections." *Id.*

Nearly a decade passed before Petitioner raised this issue.[2] Giving the most charitable construction to Petitioner's pleadings, the one-year limitation period would have begun to run during the first year of Petitioner's incarceration and would have expired well before he filed his petition. 28 U.S.C. § 2244(d)(1)(D). Again, the petition was not filed until February 19, 2013, and thus in the absence of tolling, it was clearly untimely.

### C. Statutory tolling.

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). However, Petitioner is not entitled to tolling for his post-conviction

---

[2] The court also takes judicial notice of the Washita County Court record in this case, which shows Petitioner's transport to the Oklahoma Department of Corrections on January 30, 2003. *See* http://www1.odcr.com/detail?court=075-&casekey=075-CF++0200030 (last visited March 8, 2013); Fed. R. Evid. 201; *see also United States v. Pursley,* 557 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

7

application because it was not commenced until the limitations period had already expired, regardless of whether the statute of limitations period is calculated utilizing 28 U.S.C. § 2244(d)(1)(A) or § 2244(d)(1)(D). *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Therefore, statutory tolling is unavailable in this case.

### D.  Equitable tolling.

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) ("hold[ing] that § 2244(d) is subject to equitable tolling in appropriate cases"). In *Miller*, the Court specifically cited assertions of innocence and incompetence as examples of claims which might warrant equitable tolling. 141 F.3d at 978. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Consequently, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify

equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). So, it is Petitioner who has the burden of demonstrating that equitable tolling applies. *Sigala*, 656 F.3d at 1128; *Miller*, 141 F.3d at 977. Simple excusable neglect is not sufficient. *Gibson*, 232 F.3d at 808.

In this case, Petitioner states he lacked "knowledge of the law or the appeal process." Petition at 13. He also reasons that the nature of his conviction (lewd molestation) made him reluctant to seek help until he spoke to an Inmate Legal Research Assistant. *Id.* at 14. Petitioner's ignorance and discomfort in discussing his conviction do not amount to an extraordinary equitable reason for tolling. *See e.g.*, *Marsh*, 223 F.3d at 1220 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)). And beyond this, Petitioner gives no reason for his delay in filing his state post-conviction application after he realized that he would have to serve eighty-five percent of his sentence before becoming eligible for earned credits and parole. The petition provides no facts from which the court could find that there are "rare and exceptional" circumstances that warrant equitable tolling. *Gibson*, 232 F.3d at 808.

9

Furthermore, even if Petitioner could show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims, which he fails to do. *See id.*; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). *Sigala*, 656 F.3d at 1128 (requiring petitioner to "vigorously attempt[] to ensure his habeas petition was timely filed").

Thus, the undersigned recommends that the petition should be dismissed as it was filed after the applicable one-year limitations period of 28 U.S.C. § 2244(d)(1), and there is no tolling available to otherwise extend the deadline.

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be dismissed as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before March 28, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656

(10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

**ENTERED this 8th day of March, 2013.**

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE